IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO 4413

| | |
|---|---|
| JOSEPH MICHAEL BERISH<br>36170 Kinzel Road<br>Avon, Lorain County, Ohio 44011<br><br>CINDY A. BERISH<br>3285 Jaycox Road<br>Avon, Lorain County, Ohio 44011<br><br>Plaintiffs<br><br>v.<br><br>SOLACE FINANCIAL, LLC<br>500 N. State College Boulevard, Ste 1100<br>Orange, CA 92868-1604<br><br>Serve also:<br>JOHN K. JEWELINSKI, Stat. Agent<br>SOLACE FINANCIAL, LLC<br>500 N. State College Boulevard, Ste 1100<br>Orange, CA 92868-1604<br><br>Defendant. | Judge: DEENA R CALABRESE<br><br>CV 12 790293<br><br>**COMPLAINT FOR<br>DECLARATORY JUDGMENT,<br>INJUNCTION, AND FOR<br>MONETARY DAMAGES** |

## COMPLAINT

1.  JOSEPH MICHAEL BERISH ("JMBerish"), Plaintiff, was and is, at all times pertinent herein, a resident of 36170 Kinzel Road, Avon, Lorain County, Ohio 44011.

2.  CINDY A. BERISH ("CABerish"), Plaintiff is, at all times pertinent herein, a resident of 3285 Jaycox Road, Avon, Lorain County, Ohio 44011.

JNS:n BER 12-131 COMPLAINT, 082312

1

3. Joseph Michael Berish and Cindy A. Berish (the "Berishes") lived, as Husband and Wife, at the marital home at: 2997 Fountain Circle, Avon, Lorain County, Ohio 44011.

4. SOLACE FINANCIAL, LLC ("SF"), Defendant, was and is, at all times pertinent herein, a corporation of the State of California, in Active status, with its principal offices at 500 N. State College Boulevard, Ste 1100, Orange, CA 92868-1604. SF also has its main collection and loan servicing facility in Charlotte, NC.

5. The Statutory Agent for SF, Defendant herein, is JOHN K. JEWELINSKI, whose office is at SOLACE FINANCIAL, LLC, 500 N. State College Boulevard, Ste 1100, Orange, CA 92868-1604.

## BACKGROUND FACTS

6. On or about October 14, 2005, Plaintiffs entered into and executed an Open-End Mortgage as a Home Equity Line of Credit with JPMorgan Chase Bank, N.A., in the amount of $36,500.00 using, as collateral, their marital residence at 2997 Fountain Circle, Avon, Lorain County, Ohio 44011.

7. Previously, Plaintiffs entered into and executed a Note and Mortgage with Third Federal Savings and Loan Assn., of Cleveland, Ohio, in the approximate amount of $240,000.00 using, as collateral, their marital residence at 2997 Fountain Circle, Avon, Lorain County, Ohio 44011.

8. On or about 3/24/2006, the Berishes were divorced and a record of Dissolution recorded in Case No.: 060-NU-066178 of the Official Records of Lorain County, Ohio. They have lived separately and apart since the divorce.

9. On or about 10/2/2007, Chase Bank brought an action in foreclosure against Cindy A. Berish, in Case No. 07-CV-152980, in the Court of Common Pleas, Lorain County, Ohio.

10. On or about 10/09/2007, Third Federal Savings brought an action in foreclosure against Cindy A. Berish, in Case No. 07-CV-153-88, in the Court of Common Pleas, Lorain County, Ohio. The foreclosure sale was confirmed and Journal Entry recorded on the Court Docket on 7/25/2008. Since such confirmation, Plaintiffs have not entered into or signed any waiver in connection with said obligations or deficiency.

11. SF, Defendant herein, is doing business under several corporate identities, as a for-profit corporation organized, existing and believed to be doing business under the laws of Ohio. At all times pertinent herein, SF has transacted business in Ohio.

12. At all times pertinent herein, SF has engaged in and maintained a substantial course of trade in the collection of debts, in or affecting commerce, as "commerce" is defined in Section 4, FTC Act, 15 U.S.C. §44, and in .

13. On or about 2/22/2012, more than three and a half years after the foreclosure sale was confirmed, SF sent its first of a series of collection letters to Plaintiff CABerish, demanding payment upon the "...Note and/or Credit Agreement...". **EXHIBIT "A"**, attached.

14. On or about 3/9/2012, SF sent another collection letter to Plaintiff CABerish, demanding payment of a "Settlement Amount", which was never agreed to by the recipient. **EXHIBIT "B"**, attached.

15. On or about April 6, 2012, SF sent another letter to both Paintiffs – CABerish and JMBerish, demanding payment of the entire "obligation" of $33,511.87. **EXHIBIT "C"**, attached.

16. On or about April 3, 2012, Counsel for Plaintiffs notified SF in writing of its intentional violations of Federal and Ohio Fair Debt Collection Practices, and demanding immediate resolution. **EXHIBIT "D"**, attached.

17. Notwithstanding Plaintiffs' counsel's letter, Plaintiffs received, on or about 4/17/2012, another letter from SF demanding $36,500.00 upon a Note executed on 10/14/2005, and "...in default as of 1/10/2013." **EXHIBIT "E"**, attached.

18. On or about 5/17/2012, SF, by and through its Senior Vice-President, again pressed for collection and, his reference to a "Settlement Letter" for Cindy Berish, such document was another copy of SF's demand letter of 2/22/2012. **EXHIBIT "F"**, attached.

19. This action is brought for declaratory relief, injunction, and for damages, based upon the foregoing act, acts, facts, and actions of Defendant Solace financial, LLC.

## COUNT ONE – DECLARATORY RELIEF

20. Plaintiffs here incorporate all of the information, facts and allegations set forth in the preceding paragraphs numbered 1-19 inclusive, as though fully stated here once again.

20. Defendant Solace Financial, LLC sent a series of collection demand letters, via U.S. Mail, directed to Plaintiffs, two of which were intentionally misleadingly headed: "Settlement Confirmation", when no such settlement existed. Such act, acts, and conduct by Defendant SF, by and through its Officers, were made with the devious intent of seeking to elicit in writing an

affirmation of the mortgage and debt, by intentionally circumventing the applicable laws of Ohio and of the United States.

21. The demands of Defendant SF persisted against Plaintiffs, and were for amounts demanded and varying from **$2,166.66** to **$36,500.00**, as shown in the exhibits attached hereto.

22. Defendant SF knew or should have known that its demands were intentionally deceptive and misleading when and as made, in said writings.

23. Defendant SF continued to persist in its demand letters to Plaintiffs, when it knew, or should have known and recognized, from the public record, that the original claims against Plaintiffs on the mortgage and Note, concluded in a foreclosure, of record, more than three and one-half (3-1/2) years prior to its series of abusive collection demand letters directed to Plaintiffs.

23. Defendant SF continued to persist in its collection demands, even after having been notified by Counsel for Plaintiffs that SF's acts and practices were in violation of law, and actionable.

24. Defendant SF knew or should have known that under the provisions of Ohio law – §2329.08 R.C., **collection of debts claimed was/were unenforceable as to any deficiency remaining due thereon, after the expiration of two years from the date of the confirmation of any judicial sale of such property completed subsequent to the rendition of such judgment,** as well as the specific provisions of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. 1692-1692p, which prohibited these abusive debt collection practices against Plaintiffs.

25. Plaintiffs have not waived the statutory period by an instrument in writing, executed by either of them, as judgment debtors, within such two year period, and such waiver would not be effective unless within such two year period, such waiver was filed in the office of the Clerk of the Court in which the judgment was rendered.

26. There is no memorialization of any such waiver by Plaintiffs, of record on the docket in which the judgment was rendered.

27. The FDCPA, 15 U.S.C. §§ 1692-1692p, became effective on March 20, 1978, and has been in force since that date. Section 814 of the FDCPA, 15 U.S.C. § 1692l, authorizes the enforcement and compliance with the FDCPA by any debt collector, irrespective of whether that debt collector is engaged in commerce or meets any other jurisdictional tests set by the FTC Act.

A violation of the FDCPA shall be deemed an unfair or deceptive act or practice in violation of the FTC Act.

28. Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce." Representations of material fact, such as those engaged herein by Defendant SF, are false or misleading and constitute deceptive acts or practices prohibited by the FTC Act.

29. Under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), this Court is authorized to issue a permanent injunction to ensure that: (a) Defendant Solace Financial, LLC will not continue to violate the FDCPA.

30. Under Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b, this Court is authorized to issue all equitable and ancillary relief as it may deem appropriate in the enforcement of the FCRA, the FDCPA, and the FTC Act, including the ability to order rescission or reformation of contracts, restitution, the refund of monies paid, and disgorgement to deprive a wrongdoer of ill-gotten gain.

31. Section 621 of the FCRA, 15 U.S.C. § 1681s, authorizes the Court to award monetary civil penalties of not more than $2,500 per violation for each violation of Sections 623(a)(3) and 623(b) of the FCRA.

32. Each instance in which Defendant SF has violated Sections 623(a)(3) and 623(b) of the FCRA constitutes a separate violation of the FCRA for which Plaintiffs seek monetary civil penalties under Section 621 of the FCRA, 15 U.S.C. § 1681s.

33. Defendant SF has engaged in knowing violations of the FCRA as described above, which constitute a pattern or practice of violations.

34. Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), Section 814(a) of the FDCPA, 15 U.S.C. § 1692l, and Section 4 of the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended, authorize the Court to award monetary civil penalties of not more than $11,000 for each violation of the FDCPA.

35. Notwithstanding such notice and laws affecting SF's debt collection practices, SF persisted in utter, total, and complete disregard for the applicable laws, for all of which Plaintiffs pray for Declaratory Judgment against Defendant Solace Financial, LLC, finding SF in violation of said laws prohibiting it from its intentional, abusive collection acts against Plaintiffs, for all of

which Plaintiffs demand compensatory and punitive damages against Defendant Solace Financial, LLC, in amounts stated at the end of this Complaint.

## COUNT TWO – DECEPTIVE CONDUCT

36. Plaintiffs here incorporate all of the information, facts and allegations set forth in the preceding paragraphs numbered 1-35 inclusive, as though fully stated here once again.

37. Defendant SF, in making and publishing intentionally misleading statements to Plaintiffs regarding the "Settlement Letter", and of varying amounts of debt and obligations of Plaintiffs, thereby engaging in one or more unfair act, acts, and deceptive conduct in SF's communications to Plaintiffs, in violation of Ohio laws on several occasions, for all of which Plaintiffs demand compensatory and punitive damages against Defendant Solace Financial, LLC, in amounts stated at the end of this Complaint.

## COUNT THREE – CONSUMER CREDIT ADVERSELY AFFECTED

38. Plaintiffs here incorporate all of the information, facts and allegations set forth in the preceding paragraphs numbered 1-37 inclusive, as though fully stated here once again.

39. The act, acts, practices and conduct of SF against Plaintiffs, and its collection practices seriously and adversely affected the credit scores of Plaintiffs and, concurrently, their economic advantage, all to their detriment, harm and loss.

40. Ohio law and the Fair Credit Reporting Act ("FCRA"), while containing safeguards to ensure fair treatment of consumer credit information, do not protect Plaintiffs against the effect of SF's collection practices in that Plaintiffs' purchase and payment of premiums for auto, homeowners and personal liability insurance, under Ohio law, through Administrative Code Section 3901-1-55 (the "Credit Score Rule"), whereby insurers may request and obtain Plaintiffs' credit scores before underwriting insurance, and how their policies will be rated.

41. SF's practices adversely affected Plaintiffs' credit scores and ratings, for an unknown past, present and future period of time, for all of which Plaintiffs demand compensatory and punitive damages against Defendant Solace Financial, LLC, in amounts stated at the end of this Complaint.

WHEREFORE. Plaintiffs, pursuant to 15 U.S.C. §§ 45(m)(1)(A), 53(b), 1692l, 1681s, and the Court's own equitable powers, respectfully request and pray that the Court:

1. Enter a permanent injunction to prevent future violations of the FTC Act, the FDCPA, and the FCRA by Defendant Solace Financial, LLC;

2. Award such relief as the Court finds necessary to redress injury to these Plaintiffs, as consumers, resulting from Defendant's violations of the FTC Act, the FDCPA, and the FCRA including, but not limited to, monetary damages, reasonable Attorneys' fees, and the disgorgement of ill-gotten gains in bringing and prosecuting said collection actions;

3. Award Plaintiffs monetary civil penalties for each violation of the FCRA as alleged in this Complaint and in and upon the several Counts and claims hereinafter stated;

4. Award Plaintiffs monetary civil penalties against Defendant SF for each violation of the FDCPA occurring within five years preceding the filing of this Complaint; and

5. Award Plaintiffs compensatory damages in an amount in excess of $25,000.00 on each count and claim hereinabove, together with punitive damages in an amount in excess of $25,000.00 on each count and claim hereinabove, and for reasonable Attorneys' fees, all litigation costs and expenses of bringing this action, as well as such other, further and additional relief at law and equity as the Court may determine to be just and proper, together with interest at the legal rate on all judgments and awards, and continuing and prevailing from the date of the first violation herein, and continuing until fully paid, and for all costs of this action.

Respectfully submitted.

STANLEY GREEN (#0009689)
Co-Counsel for **JOSEPH M. BERISH and CINDY A. BERISH**, Plaintiffs
17000 St. Clair Avenue Cleveland, Ohio 44110
(216) 509-1422
Email: sgreen2822@sbcglobal.net

J. NORMAN STARK, ATTORNEY (#0007243)
Counsel for **JOSEPH M. BERISH and CINDY A. BERISH**, Plaintiffs
17000 St. Clair Avenue Cleveland, Ohio 44110
216-531-5310 Ext.22 Fax: 888-833-5860
Email: Normstark@aol.com

JNS:n BER 12-131 COMPLAINT, 082312

SUMMONS IN A CIVIL ACTION    COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER
CLEVELAND, OHIO 44113

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV12790293 | D1 CM | 19996095 |

Rule 4 (B) Ohio

Rules of Civil Procedure

JOSEPH MICHAEL BERISH, ET AL    PLAINTIFF
VS
SOLACE FINANCIAL, LLC, ET AL    DEFENDANT

## SUMMONS

SOLACE FINANCIAL, LLC
JOHN K JEWELINSKI, STAT AGT
500 N STATE COLLEGE BLVD, STE 1100
ORANGE CA 92868-0000

You have been named defendant in a complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on:



**Plantiff's Attorney**

STANLEY GREEN
17000 ST CLAIR AVE

CLEVELAND, OH 44110-0000

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

DEENA R CALABRESE
Do not contact judge. Judge's name is given for attorney's reference only.

GERALD E. FUERST
Clerk of the Court of Common Pleas

| DATE |
|---|
| Aug 30, 2012 |

By_____
Deputy

COMPLAINT FILED   08/29/2012



CMSN130 .

SUMMONS IN A CIVIL ACTION    COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER
CLEVELAND, OHIO 44113

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV12790293 | D1 CM | 19996093 |

Rule 4 (B) Ohio

Rules of Civil Procedure

# SUMMONS

JOSEPH MICHAEL BERISH, ET AL    PLAINTIFF
VS
SOLACE FINANCIAL, LLC, ET AL    DEFENDANT

SOLACE FINANCIAL, LLC
500 N STATE COLLEGE BOULEVARD
STE 1100
ORANGE CA 92868-0000

You have been named defendant in a complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on:



**Plaintiff's Attorney**

STANLEY GREEN
17000 ST CLAIR AVE

CLEVELAND, OH 44110-0000

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

DEENA R CALABRESE
Do not contact judge. Judge's name is given for attorney's reference only.

GERALD E. FUERST
Clerk of the Court of Common Pleas

| DATE | |
|---|---|
| Aug 30, 2012 | By _____ Deputy |

COMPLAINT FILED   08/29/2012

CMSN130

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO 4413

| | |
|---|---|
| JOSEPH MICHAEL BERISH<br>36170 Kinzel Road<br>Avon, Lorain County, Ohio 44011<br><br>CINDY A. BERISH<br>3285 Jaycox Road<br>Avon, Lorain County, Ohio 44011<br><br>Plaintiffs<br>v.<br><br>SOLACE FINANCIAL, LLC<br>500 N. State College Boulevard, Ste 1100<br>Orange, CA 92868-1604<br><br>Serve also:<br>JOHN K. JEWELINSKI, Stat. Agent<br>SOLACE FINANCIAL, LLC<br>500 N. State College Boulevard, Ste 1100<br>Orange, CA 92868-1604<br><br>Defendant. | Judge: DEENA R CALABRESE<br><br>CV 12 790293<br><br>**COMPLAINT FOR<br>DECLARATORY JUDGMENT,<br>INJUNCTION, AND FOR<br>MONETARY DAMAGES** |

## COMPLAINT

1. JOSEPH MICHAEL BERISH ("JMBerish"), Plaintiff, was and is, at all times pertinent herein, a resident of 36170 Kinzel Road, Avon, Lorain County, Ohio 44011.

2. CINDY A. BERISH ("CABerish"), Plaintiff is, at all times pertinent herein, a resident of 3285 Jaycox Road, Avon, Lorain County, Ohio 44011.

JNS:n BER 12-131 COMPLAINT, 082312

1

3. Joseph Michael Berish and Cindy A. Berish (the "Berishes") lived, as Husband and Wife, at the marital home at: 2997 Fountain Circle, Avon, Lorain County, Ohio 44011.

4. SOLACE FINANCIAL, LLC ("SF"), Defendant, was and is, at all times pertinent herein, a corporation of the State of California, in Active status, with its principal offices at 500 N. State College Boulevard, Ste 1100, Orange, CA 92868-1604. SF also has its main collection and loan servicing facility in Charlotte, NC.

5. The Statutory Agent for SF, Defendant herein, is JOHN K. JEWELINSKI, whose office is at SOLACE FINANCIAL, LLC, 500 N. State College Boulevard, Ste 1100, Orange, CA 92868-1604.

## BACKGROUND FACTS

6. On or about October 14, 2005, Plaintiffs entered into and executed an Open-End Mortgage as a Home Equity Line of Credit with JPMorgan Chase Bank, N.A., in the amount of $36,500.00 using, as collateral, their marital residence at 2997 Fountain Circle, Avon, Lorain County, Ohio 44011.

7. Previously, Plaintiffs entered into and executed a Note and Mortgage with Third Federal Savings and Loan Assn., of Cleveland, Ohio, in the approximate amount of $240,000.00 using, as collateral, their marital residence at 2997 Fountain Circle, Avon, Lorain County, Ohio 44011.

8. On or about 3/24/2006, the Berishes were divorced and a record of Dissolution recorded in Case No.: 060-NU-066178 of the Official Records of Lorain County, Ohio. They have lived separately and apart since the divorce.

9. On or about 10/2/2007, Chase Bank brought an action in foreclosure against Cindy A. Berish, in Case No. 07-CV-152980, in the Court of Common Pleas, Lorain County, Ohio.

10. On or about 10/09/2007, Third Federal Savings brought an action in foreclosure against Cindy A. Berish, in Case No. 07-CV-153-88, in the Court of Common Pleas, Lorain County, Ohio. The foreclosure sale was confirmed and Journal Entry recorded on the Court Docket on 7/25/2008. Since such confirmation, Plaintiffs have not entered into or signed any waiver in connection with said obligations or deficiency.

11. SF, Defendant herein, is doing business under several corporate identities, as a for-profit corporation organized, existing and believed to be doing business under the laws of Ohio. At all times pertinent herein, SF has transacted business in Ohio.

JNS:n BER 12-131 COMPLAINT, 082312

12. At all times pertinent herein, SF has engaged in and maintained a substantial course of trade in the collection of debts, in or affecting commerce, as "commerce" is defined in Section 4, FTC Act, 15 U.S.C. §44, and in .

13. On or about 2/22/2012, more than three and a half years after the foreclosure sale was confirmed, SF sent its first of a series of collection letters to Plaintiff CABerish, demanding payment upon the "…Note and/or Credit Agreement…". **EXHIBIT "A"**, attached.

14. On or about 3/9/2012, SF sent another collection letter to Plaintiff CABerish, demanding payment of a "Settlement Amount", which was never agreed to by the recipient. **EXHIBIT "B"**, attached.

15. On or about April 6, 2012, SF sent another letter to both Paintiffs – CABerish and JMBerish, demanding payment of the entire "obligation" of **$33,511.87**. **EXHIBIT "C"**, attached.

16. On or about April 3, 2012, Counsel for Plaintiffs notified SF in writing of its intentional violations of Federal and Ohio Fair Debt Collection Practices, and demanding immediate resolution. **EXHIBIT "D"**, attached.

17. Notwithstanding Plaintiffs' counsel's letter, Plaintiffs received, on or about 4/17/2012, another letter from SF demanding **$36,500.00** upon a Note executed on 10/14/2005, and "…in default as of 1/10/2013." **EXHIBIT "E"**, attached.

18. On or about 5/17/2012, SF, by and through its Senior Vice-President, again pressed for collection and, his reference to a "Settlement Letter" for Cindy Berish, such document was another copy of SF's demand letter of 2/22/2012. **EXHIBIT "F"**, attached.

19. This action is brought for declaratory relief, injunction, and for damages, based upon the foregoing act, acts, facts, and actions of Defendant Solace financial, LLC.

## COUNT ONE – DECLARATORY RELIEF

20. Plaintiffs here incorporate all of the information, facts and allegations set forth in the preceding paragraphs numbered 1-19 inclusive, as though fully stated here once again.

20. Defendant Solace Financial, LLC sent a series of collection demand letters, via U.S. Mail, directed to Plaintiffs, two of which were intentionally misleadingly headed: "Settlement Confirmation", when no such settlement existed. Such act, acts, and conduct by Defendant SF, by and through its Officers, were made with the devious intent of seeking to elicit in writing an

affirmation of the mortgage and debt, by intentionally circumventing the applicable laws of Ohio and of the United States.

21. The demands of Defendant SF persisted against Plaintiffs, and were for amounts demanded and varying from **$2,166.66** to **$36,500.00**, as shown in the exhibits attached hereto.

22. Defendant SF knew or should have known that its demands were intentionally deceptive and misleading when and as made, in said writings.

23. Defendant SF continued to persist in its demand letters to Plaintiffs, when it knew, or should have known and recognized, from the public record, that the original claims against Plaintiffs on the mortgage and Note, concluded in a foreclosure, of record, more than three and one-half (3-1/2) years prior to its series of abusive collection demand letters directed to Plaintiffs.

23. Defendant SF continued to persist in its collection demands, even after having been notified by Counsel for Plaintiffs that SF's acts and practices were in violation of law, and actionable.

24. Defendant SF knew or should have known that under the provisions of Ohio law – §2329.08 R.C., <u>collection of debts claimed was/were unenforceable as to any deficiency remaining due thereon, after the expiration of two years from the date of the confirmation of any judicial sale of such property completed subsequent to the rendition of such judgment,</u> as well as the specific provisions of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. 1692-1692p, which prohibited these abusive debt collection practices against Plaintiffs.

25. Plaintiffs have not waived the statutory period by an instrument in writing, executed by either of them, as judgment debtors, within such two year period, and such waiver would not be effective unless within such two year period, such waiver was filed in the office of the Clerk of the Court in which the judgment was rendered.

26. There is no memorialization of any such waiver by Plaintiffs, of record on the docket in which the judgment was rendered.

27. The FDCPA, 15 U.S.C. §§ 1692-1692p, became effective on March 20, 1978, and has been in force since that date. Section 814 of the FDCPA, 15 U.S.C. § 1692l, authorizes the enforcement and compliance with the FDCPA by any debt collector, irrespective of whether that debt collector is engaged in commerce or meets any other jurisdictional tests set by the FTC Act.

A violation of the FDCPA shall be deemed an unfair or deceptive act or practice in violation of the FTC Act.

28. Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce." Representations of material fact, such as those engaged herein by Defendant SF, are false or misleading and constitute deceptive acts or practices prohibited by the FTC Act.

29. Under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), this Court is authorized to issue a permanent injunction to ensure that: (a) Defendant Solace Financial, LLC will not continue to violate the FDCPA.

30. Under Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b, this Court is authorized to issue all equitable and ancillary relief as it may deem appropriate in the enforcement of the FCRA, the FDCPA, and the FTC Act, including the ability to order rescission or reformation of contracts, restitution, the refund of monies paid, and disgorgement to deprive a wrongdoer of ill-gotten gain.

31. Section 621 of the FCRA, 15 U.S.C. § 1681s, authorizes the Court to award monetary civil penalties of not more than $2,500 per violation for each violation of Sections 623(a)(3) and 623(b) of the FCRA.

32. Each instance in which Defendant SF has violated Sections 623(a)(3) and 623(b) of the FCRA constitutes a separate violation of the FCRA for which Plaintiffs seek monetary civil penalties under Section 621 of the FCRA, 15 U.S.C. § 1681s.

33. Defendant SF has engaged in knowing violations of the FCRA as described above, which constitute a pattern or practice of violations.

34. Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), Section 814(a) of the FDCPA, 15 U.S.C. § 1692l, and Section 4 of the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended, authorize the Court to award monetary civil penalties of not more than $11,000 for each violation of the FDCPA.

35. Notwithstanding such notice and laws affecting SF's debt collection practices, SF persisted in utter, total, and complete disregard for the applicable laws, for all of which Plaintiffs pray for Declaratory Judgment against Defendant Solace Financial, LLC, finding SF in violation of said laws prohibiting it from its intentional, abusive collection acts against Plaintiffs, for all of

which Plaintiffs demand compensatory and punitive damages against Defendant Solace Financial, LLC, in amounts stated at the end of this Complaint.

## COUNT TWO – DECEPTIVE CONDUCT

36. Plaintiffs here incorporate all of the information, facts and allegations set forth in the preceding paragraphs numbered 1-35 inclusive, as though fully stated here once again.

37. Defendant SF, in making and publishing intentionally misleading statements to Plaintiffs regarding the "Settlement Letter", and of varying amounts of debt and obligations of Plaintiffs, thereby engaging in one or more unfair act, acts, and deceptive conduct in SF's communications to Plaintiffs, in violation of Ohio laws on several occasions, for all of which Plaintiffs demand compensatory and punitive damages against Defendant Solace Financial, LLC, in amounts stated at the end of this Complaint.

## COUNT THREE – CONSUMER CREDIT ADVERSELY AFFECTED

38. Plaintiffs here incorporate all of the information, facts and allegations set forth in the preceding paragraphs numbered 1-37 inclusive, as though fully stated here once again.

39. The act, acts, practices and conduct of SF against Plaintiffs, and its collection practices seriously and adversely affected the credit scores of Plaintiffs and, concurrently, their economic advantage, all to their detriment, harm and loss.

40. Ohio law and the Fair Credit Reporting Act ("FCRA"), while containing safeguards to ensure fair treatment of consumer credit information, do not protect Plaintiffs against the effect of SF's collection practices in that Plaintiffs' purchase and payment of premiums for auto, homeowners and personal liability insurance, under Ohio law, through Administrative Code Section 3901-1-55 (the "Credit Score Rule"), whereby insurers may request and obtain Plaintiffs' credit scores before underwriting insurance, and how their policies will be rated.

41. SF's practices adversely affected Plaintiffs' credit scores and ratings, for an unknown past, present and future period of time, for all of which Plaintiffs demand compensatory and punitive damages against Defendant Solace Financial, LLC, in amounts stated at the end of this Complaint.

WHEREFORE. Plaintiffs, pursuant to 15 U.S.C. §§ 45(m)(1)(A), 53(b), 1692l, 1681s, and the Court's own equitable powers, respectfully request and pray that the Court:

1. Enter a permanent injunction to prevent future violations of the FTC Act, the FDCPA, and the FCRA by Defendant Solace Financial, LLC;

2. Award such relief as the Court finds necessary to redress injury to these Plaintiffs, as consumers, resulting from Defendant's violations of the FTC Act, the FDCPA, and the FCRA including, but not limited to, monetary damages, reasonable Attorneys' fees, and the disgorgement of ill-gotten gains in bringing and prosecuting said collection actions;

3. Award Plaintiffs monetary civil penalties for each violation of the FCRA as alleged in this Complaint and in and upon the several Counts and claims hereinafter stated;

4. Award Plaintiffs monetary civil penalties against Defendant SF for each violation of the FDCPA occurring within five years preceding the filing of this Complaint; and

5. Award Plaintiffs compensatory damages in an amount in excess of $25,000.00 on each count and claim hereinabove, together with punitive damages in an amount in excess of $25,000.00 on each count and claim hereinabove, and for reasonable Attorneys' fees, all litigation costs and expenses of bringing this action, as well as such other, further and additional relief at law and equity as the Court may determine to be just and proper, together with interest at the legal rate on all judgments and awards, and continuing and prevailing from the date of the first violation herein, and continuing until fully paid, and for all costs of this action.

Respectfully submitted.

_____
STANLEY GREEN (#0009689)
Co-Counsel for JOSEPH M. BERISH and
CINDY A. BERISH, Plaintiffs
17000 St. Clair Avenue Cleveland, Ohio 44110
(216) 509-1422
Email: sgreen2822@sbcglobal.net

_____
J. NORMAN STARK, ATTORNEY (#0007243)
Counsel for JOSEPH M. BERISH and
CINDY A. BERISH, Plaintiffs
17000 St. Clair Avenue Cleveland, Ohio 44110
216-531-5310 Ext.22 Fax: 888-833-5860
Email: Normstark@aol.com

JNS:n BER 12-131 COMPLAINT, 082312

7