IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------
JOSEPH MICHAEL BERISH, et al,

: CASE NO. 1:12 CV 02491
:
:
Plaintiffs,   : MEMORANDUM AND ORDER
: DENYING THE PLAINTIFFS' MOTION
-vs-          : FOR REMAND
:
:
SOLACE FINANCIAL, LLC,
:
Defendant.
------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

This action was removed to this Court on 4 October 2012. (Doc. 1). The plaintiffs Joseph Michael Berish and Cindy A. Berish have filed a motion for remand, arguing that the Court lacks jurisdiction. (Doc. 8). The defendant Solace Financial, LLC, has filed a brief in opposition. (Doc. 9). For the reasons that follow, the Court will deny the motion.

Removing defendants bear the burden of establishing federal subject matter jurisdiction. Gafford v. General Elec. Co., 997 F.2d 150, 155 (6th Cir. 1993). The federal removal statute allows a defendant to remove "civil actions from state court to federal court when the action initiated in state court is one that could have been brought, originally, in a federal district court." Lincoln Prop. Co. v. Roche, 546 U.S. 81(2005); 28 U.S.C. § 1441(a).

In this instance, Solace Financial maintains removal is proper pursuant to the Court's federal question jurisdiction, which encompasses "all civil actions arising under

the Constitution, laws, or treaties of the United States." See 28 U.S.C. § 1331. In determining whether an action "arises under" federal law, this Court must observe well-pleaded complaint rule, which requires that a federal question be presented on the face of the complaint. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).

Upon review of the complaint, the Court concludes that the defendant has met its burden. The complaint alleges violations of the Fair Debt Collection Practices Act, and other federal laws. (See Complaint, ¶¶24, 27-34, 40; Prayer for relief ¶¶1-4). The plaintiffs maintain they are entitled to remedies purportedly authorized by those acts, including a permanent injunction, monetary damages, and reasonable attorneys' fees. Id. These are not mere incidental references, as the plaintiffs seem to believe, but substantive claims for relief based specifically on the laws of the United States. In the Court's view, the plaintiffs' complaint asserts a cause of action "arising under" federal law, making removal proper in this instance.

For the above-stated reasons, the plaintiffs' motion is denied. (Resolving Doc. 8).

IT IS SO ORDERED.

/s/ Lesley Wells
UNITED STATES DISTRICT JUDGE

Date: 14 January 2013